**In re John Roland JACKSON,**
**Petitioner.**

No. 13–4535.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Jan. 16, 2014.

Opinion filed: Feb. 7, 2014.

John Roland Jackson, Camp Hill, PA,
pro se.

And we are sure that if he does, the District
Court will dispose of it forthwith.

Before: SMITH, HARDIMAN and
GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Petitioner John Jackson, proceeding pro
se, seeks a writ of mandamus. For the
reasons that follow, we will deny the peti-
tion.

In 1981, Jackson was convicted of rape,
aggravated assault, and kidnapping. Jack-
son unsuccessfully sought relief on direct
appeal and collateral review. In 1990,
Jackson filed a petition for a writ of habe-
as corpus pursuant to 28 U.S.C. § 2254 in
the United States District Court for the
Middle District of Pennsylvania. Jackson
claimed, inter alia, that trial counsel was
ineffective for failing to interview and se-
cure alibi witnesses and that the evidence
was insufficient to support his conviction.
The District Court denied Jackson's peti-
tion without an evidentiary hearing, and
we denied a certificate of probable cause.
Jackson filed a second § 2254 petition in
1999 that the District Court transferred to
this Court for consideration under 28
U.S.C. § 2244(b)(3)(A). We denied au-
thorization to file a second or successive
habeas petition.

Since then, Jackson has filed over 10
applications under 28 U.S.C. § 2244 seek-
ing permission to file a second or succes-
sive habeas petition. In each of these
applications, Jackson raised claims alleging
that his trial counsel was ineffective for
failing to secure alibi witnesses and argued
that the District Court erred when it de-
termined that he submitted no evidence
establishing that the period of time cov-
ered in his alibi claim precluded him from
committing the crimes. We denied all of
Jackson's § 2244 applications, concluding

6. As we stated above, we grant his motion for
relief from the page limitations.

that he failed to meet the standard for authorizing a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(1)–(2); *In re Minarik,* 166 F.3d 591, 602 (3d Cir. 1999); *see also Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986) (per curiam).

Jackson now seeks a writ of mandamus, again arguing that the District Court incorrectly determined that he failed to adequately support his alibi claim. A writ of mandamus is a drastic remedy available only in extraordinary cases. *See In re Diet Drugs Prods. Liab. Litig.,* 418 F.3d 372, 378 (3d Cir.2005). A petitioner seeking mandamus must demonstrate that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry,* 558 U.S. 183, 190, 130 S.Ct. 705, 175 L.Ed.2d 657 (2010) (per curiam) (alteration in original) (internal quotation marks omitted) (quoting *Cheney v. United States Dist. Court for D.C.,* 542 U.S. 367, 380–81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004)).

The proper avenue for challenging a state conviction in federal court is 28 U.S.C. § 2254. *See Coady v. Vaughn,* 251 F.3d 480, 485–86 (3d Cir.2001). When a prisoner has previously filed a habeas petition, he may not file another without leave from the Court of Appeals. 28 U.S.C. § 2244(a)–(b). Jackson's inability to satisfy the standard set forth in § 2244 does not constitute an extraordinary situation warranting mandamus relief. *See, e.g., In re Chambers Dev. Co.,* 148 F.3d 214, 226 (3d Cir.1998) ("[M]andamus is not a substi-

tute for appeal and a writ of mandamus will not be granted if relief can be obtained by way of our appellate jurisdiction."). Moreover, mandamus does not become available simply because a federal court previously denied habeas relief or because the gatekeeping provisions of 28 U.S.C. § 2254 make it difficult to pursue a successive motion.[1] *Cf. In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997) (holding that federal habeas relief pursuant to 28 U.S.C. § 2241 is not available simply because a petitioner cannot satisfy the gatekeeping requirements). Similarly, to the extent that Jackson is seeking to attack the manner in which the District Court denied his first § 2254 petition, mandamus is not the proper method to do so. *See Pridgen v. Shannon,* 380 F.3d 721, 727 (3d Cir.2004). Accordingly, we will deny the petition.

---

1. Jackson argues that the relief he desires is no longer available via § 2244 because an order entered December 11, 2012, denying his most recent § 2244 application stated that "future applications raising the same claim may result in sanctions and filing limitations." While the All Writs Act, 28 U.S.C. § 1651(a), enables us to issue injunctions re-

stricting an individual's ability to initiate proceedings when exigent circumstances exist, including "a litigant's abuse of the judicial process by filing meritless and repetitive actions," *Brow v. Farrelly,* 994 F.2d 1027, 1038 (3d Cir.1993), we have not issued such an injunction and Jackson is not enjoined from filing a § 2244 application at this time.